# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

DENNIS FLOOD, JR.,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL ACTION NO.: 5:15-cv-78

(Case No.: 5:03-cr-8)

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Dennis Flood, Jr., ("Flood"), who is currently incarcerated at the United States Penitentiary-Big Sandy in Inez, Kentucky, filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) The United States of America filed a Response. (Doc. 3.) For the reasons set forth below, I **RECOMMEND** this Court **DENY** Flood's Motion, **DENY** Flood *in forma pauperis* status on appeal, and **DENY** Flood a Certificate of Appealability.

## BACKGROUND

Flood was convicted in this Court, after entry of a guilty, of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). J., United States v. Flood, 2:03-cr-8 (S.D. Ga. Feb. 11, 2004), ECF No. 25. The Honorable William T. Moore, Jr., sentenced Flood to 188 months' imprisonment. Id. Flood did not file an appeal. Flood filed the instant Section 2255 Motion on June 21, 2015.

**DISCUSSION**

Flood contends he was sentenced under the Armed Career Criminal Act, ("ACCA"), 18 U.S.C. § 924(e), and the United States Supreme Court ruled in Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (June 26, 2015), that the residual clause of the ACCA is unconstitutionally vague.[1]  (Doc. 1, p. 4.)

The Government asserts the Johnson decision has no effect on Flood's enhanced sentence under the ACCA because his predicate convictions for serious drug offenses and a violent felony do not fall under the ACCA's residual clause.

**DISCUSSSION**

**I.  Whether Flood is Entitled to Relief Pursuant to Johnson**

Under the ACCA, any person who violates 18 U.S.C. § 922(g) and has three previous convictions for a violent felony or serious drug offense, or both, committed on occasions different from one another, is subject to a mandatory minimum sentence of fifteen years' imprisonment.  18 U.S.C. § 924(e)(1).  "Serious drug offense" means "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law[.]"  18 U.S.C. § 924(e)(2)(A)(ii).  In Johnson, the Court explained that the ACCA:

> defines 'violent felony' as follows: 'any crime punishable by imprisonment for a term exceeding one year . . . that—'(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is

---

[1] Under the ACCA, a defendant who is convicted under 18 U.S.C. § 922(g) is subject to a 15-year mandatory-minimum prison sentence if he has three prior convictions for "serious drug offenses" or "violent felonies" committed on separate occasions.  18 U.S.C. § 924(e)(1); see also United States v. Samuel, 580 F. App'x 836, 841 (11th Cir. 2014).  Without Section 924(e)'s enhancement, Flood would have been subject to a maximum term of ten years in prison.  See Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1285 (11th Cir. 2013) (recognizing that "[s]ection 924(a)(2) states that the maximum sentence for a violation of § 922(g) is 10 years.").

2

> burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.'* § 924(e)(2)(B) (emphasis added). The closing words of this definition, italicized above, have come to be known as the Act's residual clause.

___ U.S. at ___, 135 S. Ct. at 2555–56. The Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process[.]" ___ U.S. at ___, 135 S. Ct. 2551, 2563. However, the Court also emphasized that its "decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." Id.

To determine whether the Johnson decision provides Flood with his requested relief, the Court must determine whether Flood has the requisite prior convictions to qualify for an enhanced sentence under the ACCA absent the residual clause. According to the Government, Flood has two convictions for serious drug offenses and one conviction for a violent felony under Florida law. (Doc. 3, pp. 2, 4.) To aid this Court's determination, the Government has provided Shepard documents.[2]

### A. Flood's Drug Convictions

Flood was convicted in Florida for selling cocaine on two occasions, February 28, 1996, and February 29, 1996. (Doc. 3, p. 3.) Based on those transactions, Flood was found guilty in a Florida court on two counts of the sale of cocaine. (Pre-Sentence Investigation Report, ("PSI") ¶ 34.) In 1996, the sale of cocaine was a second-degree felony. See Fla. Stat. § 893.13(1)(a)(1) (1996 suppl.) (referencing Fla. Stat. § 893.03(2)(a)(4)). The maximum term of imprisonment for a second-degree felony was 15 years. Fla. Stat. § 775.082(3)(c) (1995). Therefore, Flood's two

---

[2] "[A] later court determining the character of [a previous conviction] is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." Shepard v. United States, 544 U.S. 13, 16 (2005). These types of documents are commonly referred to as "Shepard documents."

3

Florida convictions for selling cocaine qualify as serious drug offenses under the ACCA. 18 U.S.C. § 924(e)(2)(A)(ii)

Moreover, those two convictions were "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Prior convictions meet that requirement if they resulted from crimes that are "temporally distinct" and arise out of "separate and distinct criminal episodes." United States v. McCloud, 818 F.3d 591, 595 (11th Cir. 2016) (citation omitted). "So long as the predicate crimes are successive rather than simultaneous, they constitute separate criminal episodes for purposes of the [Act]." United States v. Weeks, 711 F.3d 1255, 1261 (11th Cir. 2013). "Distinctions in time and place are usually sufficient to separate criminal episodes from one another even when the gaps are small." United States v. Sneed, 600 F.3d 1326, 1330 (11th Cir. 1998) (punctuation and citations omitted). Here, Flood committed those two drug crimes on different occasions by selling two different quantities of cocaine for two different prices about six hours apart on two different days. (PSI, ¶ 34.) Therefore, Flood's two prior convictions for selling cocaine qualify as two serious drug offenses under the Act.

Next, it must be determined whether Flood's 1991 felony conviction still qualifies as a predicate felony conviction in light of Johnson.

### B. Flood's 1991 Florida Felony

In 1991, Flood was convicted of lewd and lascivious assault on a child under the age of 16 years, in violation of Section 800.04 of the Florida statutes. (PSI, ¶ 27.) At that time, the statute provided in part that "[a]ny person who [h]andles, fondles or makes an assault upon any child under the age of 16 years in a lewd, lascivious, or indecent manner . . . commits a felony of the second degree."[3] Fla. Stat. § 800.04 (1991). The maximum penalty for this second-degree

---

[3] The Eleventh Circuit Court of Appeals has determined that, generally, a conviction under the 1996 version of Florida statute § 800.04(3) (sexual battery of a child under the age of sixteen) did not qualify as

4

felony was 15 years in prison. Fla. Stat. § 775.082 (1991). Section 800.04 established at least three ways a perpetrator could commit that lewd and lascivious crime against a child: handling, fondling, or assaulting. In 1991, Florida law defined "assault" to mean "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent." Fla. Stat. § 784.011 (1991). Whereas the handling and fondling alternatives for violating the statute did not necessarily entail the requisite threat of violent physical force to meet the elements clause, the assaulting alternative did. United States v. Padilla-Reyes, 247 F.3d 1158, 1162 (11th Cir. 2001) (noting that, because Section 800.04 is written in the disjunctive, it encompasses acts involving victim contact, as well as acts involving no victim contact).[4]

To assess whether a state conviction qualifies as a violent felony, the Court uses two methods. First, the Courts must assess the state statute under "the categorical approach." United States v. Howard, 742 F.3d 1334, 1345–46 (11th Cir. 2014). If that assessment does not end the inquiry, then Court must determine whether the statute can be assessed under the "modified categorical approach." Id.

Under the "categorical approach," courts compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime— i.e., the offense as commonly understood." Descamps, ___ U.S. at ___, 133 S. Ct. at 2281. Under this approach,

---

a "violent felony" within the meaning of the ACCA's residual clause. United States v. Harris, 608 F.3d 1222 (11th Cir. 2010). In so doing, the Eleventh Circuit noted the Florida statute at issue covered a broad range of conduct and that, without any specifics of the conviction, the Court could not classify Harris' conviction as a violent felony. 608 F.3d at 1233. However, as recounted herein, the details of Flood's 1991 conviction place his conviction outside of the residual clause.

[4] As discussed elsewhere in this Report, the Eleventh Circuit reaffirmed its decision in Padilla-Reyes in a recent unpublished opinion.

5

'[t]he prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense." Id. If the statute so qualifies, then this ends the inquiry, and the modified categorical approach is not needed. Howard, 742 F.3d at 1345.

However, if the statute does not qualify as a predicate offense under the categorical approach, the Court must then determine whether it can apply the "modified categorical approach." Id. Courts can use the "modified categorical approach" in those instances "when a prior conviction is for violating a so-called 'divisible statute.'" Descamps, ___ U.S. at ___, 133 S. Ct. at 2281. A divisible statute is a statute which "sets out one or more elements of the offense in the alternative—for example, stating that burglary involves entry into a building or an automobile. If one alternative (say, a building) matches an element in the generic offense, but the other (say, an automobile) does not, the modified categorical approach permits sentencing courts to . . . to determine which alternative formed the basis of the defendant's prior conviction." Id. To determine which alternative of a divisible statute formed the basis for the prior conviction, the Court can assess a limited class of documents including the charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge.[5] Shepard, 544 U.S. at 16.

If a statute is divisible, the Court can use the Shepard documents to "do what the categorical approach demands: compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime." Descamps, ___ U.S. at ___, 133 S. Ct. at 2281. If the Shepard documents show that the defendant was found

---

[5] "The district court may make findings of fact based on undisputed statements in the PSI, but may not rely on those portions to which the defendant objected 'with specificity and clarity,' unless the Government establishes the disputed facts by a preponderance of the evidence." McCloud, 818 F.3d at 595–96 (quoting United States v. Philidor, 717 F.3d 883, 885 (11th Cir. 2013)).

6

guilty under elements of a divisible statute that match elements of the generic offense, instead of those that do not, the prior conviction is an ACCA predicate. Id. at 1347.

In contrast, "a statute is indivisible if it contains 'a single, indivisible set of elements.'" Howard, 742 F.3d at 1346 (quoting Descamps, ___ U.S. at ___, 133 S. Ct. at 2282 and at 2281 ("defining an indivisible statute as one 'not containing alternative elements'")). "An example of an indivisible statute would be one that criminalizes assault 'with a weapon,' instead of criminalizing assault 'with a gun, a knife, or an explosive.'" Id. (internal citation omitted). "If a statute is indivisible, a court may not apply the modified categorical approach, and that is the end of the inquiry; the prior conviction cannot qualify as an ACCA predicate regardless of what any Shepard documents may show." Id.

In a recent unpublished opinion, United States v. Zarate, 633 F. App'x 775 (11th Cir. 2015), the Eleventh Circuit reaffirmed its decision in Padilla-Reyes that a Guidelines enhancement was warranted for violation of Florida Statute § 800.04 because any conviction under that statute was categorically a violent felony (or crime of violence) under the Guidelines. Specifically, the Eleventh Circuit noted that it "recognized [in Padilla-Reyes] that violations of § 800.04 might not involve any physical contact with the victim, but concluded that *all possible violations* involve the misuse or maltreatment of a child for sexual gratification, and, thus, constitute 'sexual abuse of a minor.'" 633 F. App'x at 777 (alteration and emphasis in original). In addition, the Court noted, "because 'all possible violations' of Fla. Stat. § 800.04 qualify as sexual abuse of a minor, the divisibility analysis of Descamps is not implicated" in applying a Guidelines enhancement for a previous conviction of a crime of violence within the meaning of the Guidelines. Id. at 778. Thus, it appears under Eleventh Circuit precedent, Flood's 1991 conviction under Section 800.04(1) is categorically a violent felony for purposes of the ACCA.

Nevertheless, out of an abundance of caution, this Court proceeds to the divisibility analysis to determine whether Flood's Florida conviction qualifies as a violent felony under the ACCA using the modified categorical approach as well. The details of Flood's specific crime reveal that he used violent physical force against a child. Flood and two other men transported a 13-year-old girl to a remote area of Florida. One of the other men forcibly removed the girl's shoes, shorts, and panties. Flood showed the girl a gun and placed it on the ground beside her. The other man held his hand over the girl's mouth while Flood had sexual intercourse with her. Flood threatened to shoot the girl if she told anyone what they had done to her. (PSI, ¶ 27.) At a bare minimum, Flood's brandishing the gun and threatening to shoot the girl constituted an assault and involved "the threatened use of physical force against the person of another" under the elements clause, 18 U.S.C. § 924(e)(2)(B)(i). United States v. Rutherford, 175 F.3d 899 (11th Cir. 1999) ("A conviction for lewd assault of a minor under Fla. Stat. 800.04(1) is a violent felony for purposes of the career-offender enhancement under U.S.S.G. § 4B1.1."); see also United States v. Starnes, 650 F. Supp. 2d 1293, 1297–98 (N.D. Ga. 2009) (finding defendant's conviction under Utah law for unlawful sexual activity with a minor implicitly "has as an element the use . . . of physical force against the person of another[ ]" and falls within U.S.S.G. § 4B1.2(a)(1)).

Flood has three qualifying predicate offenses under the ACCA—two for serious drug offenses and one for a violent felony under the elements clause. The residual clause had no bearing on his enhanced sentence under the ACCA. Consequently, Flood is not entitled to his requested relief, and I **RECOMMEND** the Court **DENY** his Motion.

## II.     Leave to Appeal *In Forma Pauperis* and Certificate of Appealability

The Court should also deny Flood leave to appeal *in forma pauperis*. Though Flood has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional

claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Flood's Motion and the Government's Response and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. If the Court adopts this recommendation and denies Flood a Certificate of Appealability, Flood is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DENY** Flood's Motion, **DENY** Flood *in forma pauperis* status of appeal, and **DENY** Flood a Certificate of Appealability.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later

challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Flood and the United States Attorney for the Southern District of Georgia.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 2nd day of August, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA